Abraham **HERRERA–PRUDENTE**,
Petitioner,

v.

Alberto R. **GONZALES**, Attorney
General, Respondent.

No. 03–73979.
Agency No. A79–789–062.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.\*

Decided March 14, 2006.

---

Fed. R.App. P. 34(a)(2).

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Margaret J. Perry, Arthur L. Rabin, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before CANBY, BEEZER, and KOZINSKI, Circuit Judges.

## MEMORANDUM **

Abraham Herrera–Prudente, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

Herrera–Prudente contends that the immigration judge erred in concluding that he failed to satisfy the continuous physical presence requirement under 8 U.S.C. § 1229b(b)(1)(A). He testified that he left the United States in 1993 and in 1995, and that when he attempted to come back he was arrested by INS officers and allowed to return to Mexico. He answered "yes" to the question, "And those times in 1993 and 1995, instead of being deported, the officers just allowed you to return to Mexico, is that correct?" In his application he described his returns in 1993 and 1995 as "INS voluntary return[s] to Mexico."

An alien who departs the United States pursuant to an administrative voluntary departure in lieu of deportation or removal proceedings interrupts his physical presence in this country. *Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam). When an alien is simply "turned around at the border" by immigration officials, however, his departure does not interrupt his continuous physical presence. *Tapia v. Gonzales,* 430 F.3d 997, 1002–04 (9th Cir.2005).

On the record before us, we cannot determine whether Herrera–Prudente received administrative voluntary departure or departed under threat of deportation or removal. We therefore grant the petition and remand for further proceedings concerning the nature of Herrera–Prudente's contacts with immigration officials in 1993 and 1995. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614 (9th Cir.2006).

PETITION FOR REVIEW GRANTED; REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.